UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL NIVARD BEATON<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC.,<br><br>Defendants. | Case No. 1:19-cv-01513-LJO-EPG<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO TRANSFER CASE TO THE SACRAMENTO DIVISION OF THE EASTERN DISTRICT OF CALIFORNIA<br><br>(ECF NO. 2) |

Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis* has filed a civil rights action pursuant to 42 U.S.C. § 1983. This suit is against Defendant Amazon.com.Inc. ("Amazon") for purported violations of the Constitution arising from breaches of a contract between Plaintiff and Amazon allegedly entered into in Modoc County, California. On November 21, 2019, Plaintiff filed a motion to transfer this case to the Sacramento division of the Eastern District of California. (ECF No. 6.)[1] Plaintiff claims that the action should have been filed there because the contract at issue was entered into in Modoc County.

Venue is governed by 28 U.S.C. § 1391 which provides that a civil action, other than one

---

[1] The motion also includes a request for the Court to send Plaintiff a form that litigants sue to indicate consent to magistrate jurisdiction. But the Court already granted an identical request for that form (ECF No. 8.); thus, the Court does not address the part of Plaintiff's motion seeking a copy of the form litigants use to indicate consent to magistrate jurisdiction.

1

based in diversity, be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, an judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

Prior to 1988, under the divisional venue statute, 28 U.S.C. §1393, plaintiffs in multi-divisional districts were limited to filing suit in the division where the defendant resided. *Johnson v. Lewis*, 645 F.Supp.2d 578, 581 (N.D. Miss. 2009). After that statute was repealed, plaintiffs were free to file suit in any division in a district and districts were able to establish local rules on the division of cases. *Johnson*, 645 F.Supp.2d at 5801-81. As the venue statute specifically speaks in terms of districts and not divisions, many cases find that if venue is proper in one division it would be proper in any division within the district. *Harrington v. Wilber*, 384 F.Supp.2d 1321, 1326 (S.D. Iowa 2005) (collecting cases). "At least one commentator has stated that 'there is no longer any requirement in federal civil cases that venue be laid within a particular division within a district.'" *Jordon v. Bowman Apple Prod. Co.*, 728 F.Supp.4019, 419 (W.D. Va. 1990) (quoting C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure, § 3809 (1989 Supp.)). However, courts hold that where divisional venue is mandated by a local rule it must be complied with. *Jordon*, 728 F.Supp. at 419.

Here, the Eastern District of California Local Rule 120 addresses this issue and provides in part that:

> All civil and criminal actions and proceedings of every nature and kind cognizable in the United States District Court for the Eastern District of California arising in…Modoc..count[y] shall be commenced in the United States District Court sitting in Sacramento, California, and in Redding, California, or any other designated places within those counties as the Court shall designate when appropriate for Magistrate Judge criminal proceedings

Rule 120 further provides that, "[w]henever in any action the Court finds upon its

2

own motion, the motion of any party, or stipulation that the action has not been commenced in the proper court in accordance with this Rule, or for other good cause, the Court may transfer the action to another venue within the District."

Here, analysis of Plaintiff's Complaint reveals that the events giving rise to same occurred in Modoc County. *See generally* (ECF No. 1.) This matter should have been filed in the Sacramento division originally.

Accordingly, and pursuant to Local Rule 120, Plaintiff's motion to transfer venue is GRANTED and the Clerk of Court IS HEREBY ORDERED to transfer this matter to the Sacramento division of the United States District Court for the Eastern District of California.

IT IS SO ORDERED.

Dated: **November 26, 2019**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE