UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL NIVARD BEATON,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC.,<br><br>Defendant. | No. 2:19-cv-02394 KJM AC PS<br><br>FINDINGS AND RECOMNENDATIONS |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). IFP status was granted by Magistrate Judge Sheila K. Oberto (ECF No. 3), before she recused herself (ECF No. 4). The case was reassigned to Magistrate Judge Erica P. Grosjean, who granted plaintiff's request to transfer the case to the Sacramento Division of the Eastern District of California. ECF No. 9. The case is now before the undersigned for screening. Plaintiff also filed two motions, a "motion requesting to be filed 22 pages left behind from e-filing re 1 Complaint" (ECF No. 7) and a "motion for service by US Marshal" (ECF No. 11).

I.  Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

II. Complaint

Plaintiff sues defendant Amazon.com ("Amazon") for violations of 42 U.S.C. § 1983. ECF No. 1 at 1. Plaintiff alleges that Amazon violated his constitutional rights under the 13th, 14th, and 15th amendments when it failed to pay him royalties for his book. ECF No. 1 at 3. Plaintiff states that Amazon failed to provide him and other authors access to their money during incarceration, and his incarceration makes it impossible for him to contact Amazon. Id. Plaintiff makes a second claim for violations of the 13th, 14th, 15th and 19th amendments. Id. at 4. This claim also alleges that Amazon does not provide payment to authors when they are incarcerated. Id. Plaintiff states that he first published his book "Humanity Was a Colony of Extraterrestrials; How the Universe Begins" in March of 2010, and that the sale price of the book should result in $13.00 for Amazon and $9.00 for himself. Id. at 5. Plaintiff requests that defendant pay $2,100 to the U.S. Courthouse to pay for all of the cases he has filed. Id. at 6.

III. Failure to State a Claim

Section 1983 "creates a cause of action against a person who, acting under color of state law, deprives another of rights guaranteed under the Constitution." Henderson v. City of Simi Valley, 305 F.3d 1052, 1056 (9th Cir. 2002). "In order to allege a claim upon which relief may be granted under § 1983, a plaintiff must show that he or she has been deprived of a 'right secured by the Constitution and . . . law of the United States' and that the deprivation was 'under color' of state law." Broam v. Bogan, 320 F.3d 1023, 1028 (9th Cir. 2003) (citing Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155 (1978) (quoting 42 U.S.C. § 1983)). "Action under color of state law normally consists of action taken by a public agency or officer." Taylor v. First Wyo. Bank, N.A., 707 F.2d 388, 389 (9th Cir. 1983). There is no cause of action under § 1983 for claims against private companies where no government involvement is alleged. See Apao v.

3

Bank of New York, 324 F.3d 1091, 1093 (9th Cir.), cert. denied, 540 U.S. 948 (2003) (§ 1983 "shields citizens from unlawful government actions, but does not affect conduct by private entities.").

Here, the only defendant is not a state actor and is not alleged to have acted under color of state law. A private entity's conduct constitutes action under color of state law only if it is "fairly attributable" to the state. West v. Atkins, 487 U.S. 42, 49-50 (1988). "[S]tate action may be found if, though only if, there is such a close nexus between the state and the challenged action that seemingly private behavior may be fairly treated as that of the state itself." Brentwood Academy v. Tenn. Secondary Sch. Athletic Assoc., 531 U.S. 288, 295 (2001). Plaintiff alleges only that Amazon, a private company, has not paid him owed royalties on his book because he is in prison. No facts stated in the complaint suggest that the conduct of the private defendant named here could even arguably be attributed to the state under the applicable standard. Because plaintiff brings only constitutional claims under §1983, plaintiff cannot state a claim upon which relief may be granted.

Leave to amend is not appropriate because the facts presented are clear, and these facts make clear that plaintiff cannot state a claim. Because amendment would be futile, it is recommended that this case be dismissed without leave to amend. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

IV. Conclusion

Because it is clear that plaintiff cannot state a claim upon which relief can be granted, the court recommends the complaint (ECF No. 1) be DISMISSED without leave to amend. The court further recommends the motions at ECF Nos. 7 and 11 be DENIED as MOOT.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Local Rule 304(d). Plaintiff is advised that failure to file

objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 30, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE